# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY E. PACHECO, | ) |
| Plaintiff, | ) |
| | ) Case No. 08 C 5403 |
| v. | ) |
| | ) |
| WILL COUNTY SHERIFF'S OFFICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On September 25, 2009, Plaintiff Mary E. Pacheco filed the instant seven-count Second Amended Complaint based on violations of her constitutional rights, *see* 42 U.S.C. § 1983, and the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e. The remaining Defendants in this lawsuit are the Will County Sheriff's Office, Paul Kaupas, Martin Nowak, Patrick Maher, David Van Dyke ("Sheriff's Office Defendants"), and Dona Van Roosendaal. The remaining claims in this lawsuit are Counts I through VI of the Second Amended Complaint. Before the Court is Van Roosendaal's and the Sheriff's Office Defendants' Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants Defendants' motions and dismisses this case in its entirety. Further, the Court dismisses Defendants' motion to strike as moot.

## BACKGROUND

### I. Northern District of Illinois Local Rule 56.1

Northern District of Illinois Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to

prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). In short, the purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). Moreover, it is well-established that courts may only consider admissible evidence in determining motions for summary judgment. *See Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009).

## II.     Relevant Facts

### A.     Parties

Defendant Will County Sheriff's Office is a department of Will County, which is a municipality incorporated under the laws of the State of Illinois. (R. 157-1, Defs.' Rule 56.1 Stmt. Facts ¶ 2.) Defendant Paul Kaupus is the Sheriff of Will County, Defendant Martin Nowak is the Undersheriff, Defendant Steve McGrath is the head of the Internal Affairs Division, Defendant Patrick Maher is the Chief Deputy, and Defendant David Van Dyke is the Deputy Chief. (*Id.*) Defendant Dona Van Roosendaal is a private citizen. (R. 151-1, Van Roosendaal Rule 56.1 Stmt. Facts ¶ 2.) Pacheco began working for the Will County Sheriff's Office in 1988 as a Deputy Sheriff. (Defs.' Stmt. Facts ¶ 4.)

### B.     Investigations of Citizen Complaints

The Will County Sheriff's Office General Order No. ADM 112-93 contains the policies for the administrative review of employee misconduct and requires that the office must review all complaints or allegations of employee misconduct. (*Id.* ¶¶ 10, 11; R. 165-1, Pl.'s Rule 56.1

2

Stmt. Facts ¶ 1.)  Depending on the type and nature of the complaint or allegation of misconduct, either a supervisor reviews the complaint or refers the complaint to Internal Affairs for a formal administrative review.  (Defs.' Stmt. Facts ¶ 11.)  Formal investigations are required where the allegations of misconduct, if sustained, could result in discharge or suspension in excess of three days or when a complaint is filed alleging official or criminal misconduct.  (*Id.* ¶ 12.)

On September 12, 2006, Van Roosendaal filed a citizen complaint against Pacheco alleging that Pacheco used her position in law enforcement to wrongfully obtain information in relation to a car driven by Pacheco's nephew, Richie Pacheco, who is Van Roosendaal's son. (*Id.* ¶¶ 17, 18, Ex. 6, Citizen Compl. at 6; Pl.'s Stmt. Facts ¶ 39.)  Sometime after September 26, 2006, an Internal Affairs Investigation was initiated (designated as Internal Investigation "06-2006") pursuant to General Order No. ADM 112-93 regarding Pacheco's possible violations of Section 1 (Abuse of Position), Section 10 (Conduct Unbecoming), Section 23 (Intervention), and Section 33 (Altercations) of the Will County Sheriff's Office Rules of Conduct.  (Defs.' Stmt. Facts ¶ 19.)  At the close of Internal Investigation 06-2006, Internal Affairs presented its sustained findings to Sheriff Kaupus.  (*Id.* ¶ 21.)  Sheriff Kaupus then filed Cause No. 06-2006 against Pacheco with the Will County Sheriff's Merit Commission ("Merit Commission") alleging the above violations.  (*Id.* ¶ 22.)

While Cause No. 06-2006 was pending before the Merit Commission, Mayor Henry Barry of Rockdale, Illinois filed another citizen complaint against Pacheco on December 7, 2006.  (*Id.* ¶ 23.)  Mayor Barry alleged that on December 5, 2006 Pacheco appeared at a public Rockdale Village Board meeting to discuss her application for a building permit to construct a new garage at her residence at which time she stated to Mayor Barry, "I don't know what you

have been smoking, but there is an alley there," and then publicly accused Mayor Barry of drinking and driving stating "if you are driving and I am on duty, you will get a DUI." (*Id*. ¶ 24.) On December 19, 2006, an Internal Affairs Investigation was initiated (designated as Internal Investigation "08-2006") regarding Pacheco's possible violations of Administrative Order Number 105 (Code of Ethics), Section 1 (Abuse of Position), Section 2 (Abuse of Process), Section 10 (Conduct Unbecoming), and 720 ILCS 5/33-3 (Official Misconduct) in relation to the Mayor Barry incident. (*Id*. ¶ 25.) At the close of Internal Investigation 08-2006, Internal Affairs presented its sustained findings to Sheriff Kaupus. (*Id*. ¶ 27.) Sheriff Kaupus then filed Cause No. 08-2006 with the Merit Commission. (*Id.* ¶ 28.) Meanwhile, on December 8, 2006, Deputy Chief Patrick Maher placed Pacheco on administrative leave with pay. (*Id.* ¶ 26.) Pacheco remained on paid administrative leave through May 5, 2008. (*Id*. ¶ 42.)

The Merit Commission hearing of Cause Nos. 06-2006 and 08-2006 proceeded on July 11, 2008, August 7, 2008, and August 8, 2008. (*Id.* ¶ 29.) On August 18, 2008, the Merit Commission entered an order finding that Pacheco violated Section 1 (Abuse of Position) by using her official position as Deputy Sheriff to initiate an investigation in an attempt to obtain unauthorized control over a motor vehicle on behalf of her nephew. (*Id*. ¶ 33.) The Merit Commission also found that Pacheco violated Section 10 (Conduct Unbecoming) and Section 33 (Altercations) by unjustifiably provoking law enforcement authority in a personal domestic dispute. (*Id*. ¶¶ 34, 35.) Furthermore, the Merit Commission found that Pacheco violated Administrative Order No. 105 of the Code of Ethics and Section 1 (Abuse of Position) by threatening Mayor Barry while in her official capacity as a Deputy Sheriff. (*Id*. ¶¶ 36, 37.) The Merit Commission then suspended Pacheco for thirty days without pay. (*Id*. ¶ 39.)

### C. Pacheco's Termination

The Will County Sheriff's Office terminated Pacheco's employment following an unrelated incident on November 29, 2008 during which Pacheco allegedly obstructed a Wilmington, Illinois police officer and interfered with the arrest of a criminal suspect. (*Id.* ¶ 9.) Pacheco thereafter elected to dispute her termination before an independent arbitration panel pursuant to the governing Collective Bargaining Agreement. (*Id.*) Pacheco does not challenge her termination in the present lawsuit.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed.R.Civ.P. 56(e)(2) (requiring adverse party to "set out specific facts").

**ANALYSIS**

**I.        Discrimination Claims – Counts I, V, and VI**

In Count I of her Second Amended Complaint, Pacheco alleges a sex discrimination and harassment claim under the equal protection clause of the Fourteenth Amendment based on the investigation into the two citizen complaints against her.  *See* 42 U.S.C. § 1983.  In Count V of her Second Amended Complaint, Pacheco alleges a sex discrimination and harassment claim in violation of the Civil Rights Act of 1964, Title VII.  *See* 42 U.S.C. § 2000e.  Because the same standards of establishing intentional discrimination apply to both Title VII and equal protection claims, the Court addresses Pacheco's sex discrimination claims together.  *See Salas v. Wisconsin Dep't Corr.,* 493 F.3d 913, 926 (7th Cir. 2007) ("The only difference is that a Title VII claim is against an employer, while an equal protection claim is against individual employees.").

   **A.     Disparate Treatment Claim**

A plaintiff may establish an intentional discrimination claim under either the direct or indirect method of proof as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *See Winsley v. Cook County,* 563 F.3d 598, 604 (7th Cir. 2009).  Pacheco proceeds under both methods.

      **1.     Indirect Method**

Under the indirect method of proving intentional discrimination, Pacheco must present evidence that:  (1) she is a member of a protected class; (2) her job performance met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more favorably.  *See*

*Everroad v. Scott Truck Sys., Inc*., 604 F.3d 471, 477 (7th Cir. 2010); *Egonmwan v. Cook County Sheriff's Dep't,* 602 F.3d 845, 850 (7th Cir. 2010). If Pacheco establishes all four elements of her prima facie case, Defendants must then present a legitimate, nondiscriminatory reason for the adverse employment action after which Pacheco must show that the proffered reason is mere pretext for discrimination. *See Everroad,* 604 F.3d at 477; *Egonmwan,* 602 F.3d at 850. The Court turns to the third and fourth prima facie elements because they are dispositive.

          **a.**        **Adverse Employment Action Element**

Pacheco maintains that the Internal Affairs investigations and charges against her constitute a material adverse employment action under the third prima facie element. *See Lucero v. Nettle Creek Sch. Corp.*, 566 F.3d 720, 730 (7th Cir. 2009) ("To succeed on her discrimination claims [the plaintiff] must demonstrate a materially adverse employment action that resulted from the alleged discrimination to survive summary judgment."). Materially adverse employment actions include actions that affect a plaintiff's compensation, career prospects, or work conditions. *See id.*; *Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1116 (7th Cir. 2009). As the Seventh Circuit explains, "[w]hile adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action." *Nichols v. Southern Illinois University-Edwardsville,* 510 F.3d 772, 787 (7th Cir. 2007). In *Nichols*, the Seventh Circuit analyzed whether the plaintiff had suffered an adverse action based on his placement on paid administrative leave pending the conclusion of an examination. *See id.* at 786-87. The Seventh Circuit – in agreement with other circuits – concluded that being placed on paid administrative leave pending the result of an investigation or examination was not a materially adverse action. *See id.* at 787; *see also Chambers v. Midwest*

7

*Indep. Transmission Sys. Operator, Inc.,* No. 08-cv-1395, 2010 WL 2346343, at *8 (S.D. Ind. 2010) ("the Seventh Circuit does not consider an employee's placement on paid administrative leave pending the completion of an investigation a materially adverse action."); *Luster v. Illinois Dep't of Corr.,* No. 08 C 1114, 2009 WL 4730384, at *5 (C.D. Ill. Dec. 4, 2009) ("Paid administrative leave pending the conclusion of an investigation is not a materially adverse action.").

Because Pacheco has failed to present evidence creating a genuine issue of material fact for trial that she suffered a materially adverse employment action under the circumstances, she has not established the third element of her prima facie case of intentional sex discrimination. *See Nichols,* 510 F.3d at 787.

### b. Similarly Situated Element

Pacheco also maintains that the Will County Sheriff's Office supervisors treated similarly situated male officers better than they treated her. "The 'similarly situated' test is a flexible, commonsense inquiry whose requirements vary from case to case." *Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 560 (7th Cir. 2007) (citing *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 404-05 (7th Cir. 2007)). "Its purpose is to determine whether there are enough common factors between a plaintiff and a comparator – and few enough confounding ones – to allow for a meaningful comparison in order to divine whether discrimination was at play." *Barricks,* 481 F.3d at 560. "When a plaintiff claims to have been disciplined more harshly than other, similarly situated employees based on a prohibited reason" – as in the present matter – "the plaintiff typically must demonstrate that the other employees 'engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of

8

them.'" *Everroad,* 604 F.3d at 479 (quoting *Antonetti v. Abbott Labs.,* 563 F.3d 587, 592 (7th Cir. 2009)).

Here, Pacheco argues that the Will County Sheriff's Office did not investigate or charge male officers for conduct that was similar or much more egregious than her conduct involving her nephew's car and the Mayor Barry incident. In her response brief, Pacheco specifically argues that there was a citizen complaint concerning Officer John Grabinski in which a woman alleged that Officer Grabinski acted aggressively toward her and threatened her during a traffic stop, yet there was no investigation into Officer Grabinski's conduct. The only evidence in the record of this traffic stop is Pacheco's own deposition testimony, which Pacheco offers for the truth of the matter, namely, that a citizen filed a complaint against Officer Grabinski concerning his misconduct and that the Will County Sheriff's Office did not investigate this complaint. Pacheco's own testimony is inadmissible hearsay because there is no indication from the record that Pacheco had personal knowledge of this event. *See* Fed.R.Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). Moreover, Pacheco fails to justify her reliance on this hearsay evidence or provide sufficient information (via affidavits or otherwise) to bring this hearsay evidence within one of the exceptions provided by the Federal Rules of Evidence. Because Pacheco relies on inadmissable hearsay evidence to oppose Defendants' summary judgment motion as to the similarly situated element of her prima facie discrimination claim, she has failed to raise a genuine issue of material fact for trial concerning her disparate treatment claim under the indirect method of proof. *See Gunville*, 583 F.3d at 985 ("A party may not rely

9

upon inadmissible hearsay to oppose a motion for summary judgment").[1]

## 2. Direct Method

Pacheco also argues that she can establish her disparate treatment claims pursuant to the direct method of proof. "Under the direct method of proof, a plaintiff's claim survives summary judgment if she can demonstrate 'triable issues as to whether discrimination motivated the adverse employment action.'" *Darchak v. City of Chicago Bd. of Educ.,* 580 F.3d 622, 631 (7th Cir. 2009) (citation omitted). A plaintiff can establish a triable issue by using either direct or circumstantial evidence. *See id.*; *see also Kodish v. Oakbrook Terrace Fire Protection Dist.,* 604 F.3d 490, 501 (7th Cir. 2010) ("The focus of the direct method of proof [] is not whether the evidence offered is itself 'direct' or 'circumstantial' but rather whether the evidence 'points directly' to a discriminatory reason for the employer's action."). "Direct evidence would be an admission by the decisionmaker that the adverse employment action was motivated by discriminatory animus." *Darchak,* 580 F.3d at 631; *see also Nagle,* 554 F.3d at 1114. Because such admissions are rare, plaintiffs often rely on circumstantial evidence of discrimination, including:

> (1) suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; and (3) evidence that the employee was qualified for the job in question but was passed over in favor of a person outside the protected class and the employer's reason is a pretext for

---

[1] Although Pacheco points to other allegations of officer misconduct, she fails to argue that these male officers were similarly situated to her in all material respects. *See Patterson v. Indiana Newspapers, Inc.,* 589 F.3d 357, 366 (7th Cir. 2009) (similarly situated coworker must have engaged in comparable rule or policy violations). Moreover, the evidence concerning the male officers is Pacheco's own testimony, which is hearsay offered without an exception. *See* Fed.R.Evid. 602.

discrimination.

*Darchak,* 580 F.3d at 631; *Troupe v. May Dep't Stores, Inc.*, 20 F.3d 734, 736 (7th Cir. 1994).

In her response brief, Pacheco's only argument in support of the direct method of proof is "that she has presented evidence under the direct method by showing that similarly situated employees not in the protected group received systematically better treatment when they were not formally investigated or charged with misconduct that was more egregious than Plaintiff's alleged misconduct." (R. 166-1, Resp. Brief at 13.) As discussed above, the evidence Pacheco relies upon in making this argument is hearsay testimony offered without an exception – leaving only Pacheco's speculation. Because inferences supported by speculation do not create an issue of fact for trial, Pacheco has failed to establish her sex discrimination claim under the direct method of proof. *See Petts v. Rockledge Furniture, LLC,* 534 F.3d 715, 720 (7th Cir. 2008).

### B. Hostile Work Environment Claim

To establish a Title VII hostile work environment claim, a plaintiff must show that (1) she was subject to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the harassment was severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability. *See Turner v. The Saloon, Ltd.,* 595 F.3d 679, 684 (7th Cir. 2010). To establish an equal protection hostile work environment claim, the plaintiff must also demonstrate that the defendant acted with discriminatory intent. *See Huffman v. Sheahan,* 493 F.3d 893, 902 (7th Cir. 2007).

In support of her sexual harassment claim, Pacheco's only argument is as follows: "As outlined in the background facts stated above, Plaintiff was subject to numerous incidents creating a hostile work environment." (Resp. Brief at 20.) Pacheco's perfunctory and

undeveloped argument – that fails to cite any legal authority – constitutes waiver of her hostile work environment claim. *See Mahaffey v. Ramos,* 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived"); *see also United States v. Alden,* 527 F.3d 653, 664 (7th Cir. 2008) ("it is not the obligation of this Court to research and construct the legal arguments available to parties."). The Court therefore grants Defendants' motion for summary judgment as to Pacheco's hostile work environment claims.

### C. Title VII Retaliation Claim

Likewise, Pacheco makes no arguments and fails to present any evidence concerning her Title VII retaliation claim as alleged in Count VI of the Second Amended Complaint. In particular, there is no evidence in the record that Pacheco suffered an adverse action or that she engaged in a statutorily protected activity. *See Leonard v. Eastern Ill. Univ.,* 606 F.3d 428, 431 (7th Cir. 2010). To survive summary judgment, Pacheco must present some evidence on matters upon which she bears the burden of proof at trial, yet she has failed to do so concerning her Title VII retaliation claim. *See Celotex Corp.,* 477 U.S. at 322-23 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Because Pacheco has failed to present evidence creating a genuine issue of material fact for trial, the Court dismisses Pacheco's Title VII retaliation claim as alleged in Count VI of the Second Amended Complaint.[2]

---

[2] Because Pacheco has failed to establish her sex discrimination claims under Title VII and Section 1983, the Court need not address Defendants' res judicata and collateral estoppel arguments.

## II. First Amendment Retaliation Claims – Counts II and III

In Count II of the Second Amended Complaint, Pacheco alleges a political retaliation claim in violation of the First Amendment, namely, that the Sheriff's Office Defendants retaliated against her for not supporting Paul Kaupas in the election for Will County Sheriff. In Count III, Pacheco alleges that the Sheriff's Office Defendants retaliated against her regarding a matter of public concern.

In her response to the Sheriff's Office Defendants' summary judgment motion, Pacheco has failed to make any arguments in support of her First Amendment claims. The absence of any discussion in a party's legal brief amounts to abandonment of that claim. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007); *see also Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007) (failure to offer any opposition to argument constitutes waiver). As such, Pacheco has waived her First Amendment claims as alleged in Counts II and III of her Second Amended Complaint, and thus the Court grants Defendants' summary judgment motions as to these claims.

## III. Conspiracy Claim – Count IV

In Count IV of the Second Amended Complaint, Pacheco alleges that all Defendants conspired to deprive her of her First and Fourteenth Amendment rights. *See* 42 U.S.C. § 1983. To establish a civil conspiracy claim under Section 1983, Pacheco must show that Defendants agreed to deprive her of her constitutional rights. *See Reynolds v. Jamison,* 488 F.3d 756, 764 (7th Cir. 2007). Because Pacheco has failed to establish that Defendants violated her constitutional rights in the first instance, she cannot establish her conspiracy claim. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent basis of liability in

§ 1983 actions). Indeed, Pacheco voluntarily dismisses her conspiracy claim as alleged in Count IV. (Resp. Brief at 2.) Therefore, the Court grants Defendants' summary judgment motions as to Count IV of the Second Amended Complaint.

Finally, because Pacheco has failed to raise a genuine issue of material fact for trial concerning her Section 1983 claims, the Court need not address Defendants' qualified immunity arguments. *See Bivens v. Trent*, 591 F.3d 555, 559-60 (7th Cir. 2010); *Williams v. Rodriguez,* 509 F.3d 392, 398 (7th Cir. 2007).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' summary judgment motions pursuant to Federal Rule of Civil Procedure 56(c) and denies the Sheriff Office Defendants' motion to strike as moot.

**Date:** August 9, 2010

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**